**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

**DENIED as moot.**

See Doc. 21.



Karen L. Litkovitz
United States Magistrate Judge

| | | |
|---|---|---|
| **RONNIE HOLMES,** | ) | Case No. 1:20-CV-059 |
| | ) | |
| Plaintiff, | ) | Judge Timothy S. Black |
| | ) | Magistrate Judge Karen L. Litkovitz |
| vs. | ) | |
| | ) | |
| **MERCY HOSPITAL MANAGEMENT,** | ) | **DEFENDANT BON SECOURS MERCY** |
| | ) | **HEALTH'S RULE 12(C) MOTION FOR** |
| Defendant. | ) | **JUDGMENT ON THE PLEADINGS** |

Pursuant to Fed. R. Civ. P. 12(c), Defendant, Bon Secours Mercy Health ("Mercy"), incorrectly identified as Mercy Hospital Management, moves for judgment on the pleadings. For the reasons set forth in the memorandum in support attached hereto and incorporated herein, Pro se Plaintiff, Ronnie Holmes ("Mr. Holmes"), fails to state claims upon which relief can be granted. This Court therefore should dismiss Mr. Holmes' complaint in its entirety.

Respectfully submitted,

*/s/ Thomas J. Wiencek*
Thomas J. Wiencek (#0031465)
Lead Trial Counsel
BON SECOURS MERCY HEALTH
388 South Main Street, Suite 500
Akron, Ohio 44311-4407
Phone: (513) 639-0196
Fax: (330) 253-8601
tjwiencek@mercy.com

David Sporar (#0086640)
Brouse McDowell, LPA
600 Superior Avenue East, Suite 1600
Cleveland, Ohio 44114
Phone: (216) 830-6830
Fax: (216) 830-6807
dsporar@brouse.com
*Counsel for Defendants*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on this 4th day of March 2020, a true and correct copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's system. In addition, a true and correct copy of the foregoing was served on the following by regular U.S. mail, postage prepaid, this same date:

Ronnie Holmes
110 West North Bend Road
Cincinnati, Ohio 45216
    *Plaintiff, Pro se*

                          */s/ Thomas J. Wiencek*
                          Thomas J. Wiencek (#0031465)

1089024.3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| **RONNIE HOLMES,** | ) | Case No. 1:20-CV-059 |
| | ) | |
| Plaintiff, | ) | Judge Black |
| | ) | Magistrate Judge Litkovitz |
| vs. | ) | |
| | ) | **MEMORANDUM IN SUPPORT OF** |
| **MERCY HOSPITAL MANAGEMENT,** | ) | **DEFENDANT'S RULE 12(C) MOTION** |
| | ) | **FOR JUDGMENT ON THE PLEADINGS** |
| Defendant. | ) | |

Defendant, Bon Secours Mercy Health ("Mercy"), incorrectly identified as Mercy Hospital Management, submits this memorandum in support of its Rule 12(c) motion for judgment on the pleadings. For the reasons set forth herein, the complaint of Pro Se Plaintiff, Ronnie Holmes ("Mr. Holmes"), should be dismissed in its entirety for failure to state a claim upon which relief can be granted.

## I. PRO SE PLAINTIFF'S ALLEGATIONS

In a hand-written complaint that had to be construed, Mr. Holmes alleges he is African American and that on or about December 8, 2019, a Caucasian co-worker, Sherrie Carder (incorrectly identified by Mr. Holmes as Sherry Carter), told him that "she does not talk to black people." (ECF No. 3 at PageID #41, 49.) Mr. Holmes asserts that Ms. Carder's statement "hurt [him] very bad" such that he "could not sleep," "cried a lot," and "even start[ed] to shake when around her." (*Id.* at PageID #52.)

Mr. Holmes continues that he reported the incident to human resources the next morning, but "management did not do anything." (*Id.* at PageID #41, 50.) Ms. Carder, however, apologized to Mr. Holmes the following day. (*Id.* at PageID #50, 54.) Nevertheless, Mr. Holmes

alleges that his co-workers stopped speaking to him, were "acting funny," and "took her [i.e., Ms. Carder's] side." (*Id.* at PageID #41, 49-50.)

Mr. Holmes filed an EEOC charge against Mercy on or about January 9, 2020, based on the above-referenced matters, and the EEOC issued a Dismissal and Notice of Rights to Mr. Holmes on or about January 16, 2020. (*See* ECF No. 3 at PageID #44, 43.)

Mr. Holmes further alleges that "[o]n Thursday, 1/23/19 [he] was let go on the phone around 12 noon" and ponders "why do you continue [and] try to retaliate against me because of my race." (ECF No. 5 at PageID #59.) However, correspondence from Mercy to Mr. Holmes dated January 28, 2020, indicates that Mr. Holmes was deemed to have voluntarily resigned from employment for job abandonment effective January 28, 2020, in accordance with Mercy's Attendance Policy because he failed to properly notify his manager of his consecutive unapproved absences from work on January 24, 27, and 28 of 2020. (*Id.* at PageID #58.)

Mr. Holmes' EEOC charge confirms that he is claiming race discrimination by his co-worker, Ms. Carder; and that his co-workers' refusal to speak with him after he reported Ms. Carder's statement to human resources constituted retaliation for which "management" is responsible. (EFC No. 5 at PageID #44.) Furthermore, his "additional exhibits" to his complaint suggest that he believes he was terminated from employment as retaliation because of his race. (*See* ECF No. 5 at PageID #59.) In any event, Mr. Holmes brings his claims under only Title VII of the Civil Rights Act of 1964, as amended. (ECF No. 3 at PageID #40, 41, 44.)[1]

---

[1] On his civil cover sheet, Mr. Holmes also identified the nature of his lawsuit as one for "Assault, Libel & Slander," "Other Personal Injury," and "Other Civil Rights," and identified 42 U.S.C. § 1983 as a cause of action. (ECF No. 1-1 at PageID #5.) Nothing in his complaint or attachments, however, identifies any facts that relate to or support such claims. In addition, Mercy is a private party and "[a] plaintiff may not proceed under § 1983 against a private party." *Tahfs v. Proctor*, 316 F.3d 584, 590 (6th Cir. 2003). In any event, "[t]he civil cover sheet … serves only an administrative purpose, and 'matters appearing only on the civil cover sheet have no legal effect in the action.'" *Brewster v. Aramark Corp.*, No. 2:14-CV-273, 2014 WL 3867284, at *1 (S.D. Ohio Aug. 6, 2014), *quoting* S.D. Ohio Civ. R. 3.1(a). Mr. Holmes' complaint, therefore, is properly construed not to assert any claims of assault, libel, slander, other personal injury, other civil rights, or a violation of 42 U.S.C. § 1983.

2

## II.  STANDARD OF REVIEW

Mercy moves for judgment on the pleadings because Mr. Holmes fails to state a claim upon which relief can be granted. The "[f]ailure to state a claim upon which relief can be granted … may be raised … by motion under Rule 12(c)." Fed. R. Civ. P. 12(h)(2)(B). "Where the Rule 12(b)(6) defense is raised by a Rule 12(c) motion for judgment on the pleadings," the court "must apply the standard for a Rule 12(b)(6) motion." *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 11 (6th Cir. 1987); *see also Gascho v. Glob. Fitness Holdings, LLC*, 863 F. Supp. 2d 677, 690 (S.D. Ohio 2012) (citing *Morgan*).

Mr. Holmes has brought this action pro se. Although the pleadings and allegations of pro se plaintiffs are held to a less stringent standard than those drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), "principles requiring generous construction of pro se pleadings are not without limits," *Thomas v. Brennan*, No. 1:18-cv-1312, 2018 WL 3135939, at *1 (N.D. Ohio June 26, 2018). For example, "[l]iberal construction does not require a court to conjure allegations on a litigant's behalf." *Erwin v. Edwards*, 22 F. App'x 579, 580 (6th Cir. 2001). Even a pro se plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* While a court must accept well-pleaded factual allegations as true, it is " 'not bound to accept as true a legal conclusion couched as a factual allegation[.]'" *Twombly*, 550 U.S. at 555, quoting *Papasan v Allain*, 478 U.S. 265, 286 (1986). The "[f]actual allegations must be enough to raise a right to relief above the speculative

level." *Id.* "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the complaint is properly dismissed for failure to state a claim upon which relief can be granted. *Iqbal*, 556 U.S. at 679.

Despite Mr. Holmes' pro se status, he "must provide more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* at 678. His complaint must "contain either direct or inferential allegations respecting all the material elements of some viable legal theory to satisfy federal notice pleading requirements." *McHayle v. City of Toledo*, No. 3:07-cv-0612, 2007 WL 1796042, at *1 (N.D. Ohio June 20, 2007); *see also Lisboa v. Ohio*, No. 1:12-cv-0422, 2012 WL 3112413, at *1 (N.D. Ohio July 31, 2012) ("Dismissal is warranted if the complaint lacks an allegation as to a necessary element of the claim raised."). Mr. Holmes' complaint fails to meet these basic pleading standards.

For these reasons, where Mr. Holmes fails to state a claim upon which relief can be granted, and particularly where he is proceeding in forma pauperis, Mr. Holmes' complaint is properly dismissed. 28 U.S.C. § 1915(e)(2)(B)(ii) ("Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that … the action … fails to state a claim on which relief may be granted.")

### III.  LAW AND ARGUMENT

A review of Mr. Holmes' complaint and attachments, including his EEOC charge and supplemental exhibits, reveal that he alleges two claims here: a purportedly hostile work environment based on his race, and retaliation due to his race and for complaining about the purportedly hostile work environment to human resources. For the following reasons, Mr. Holmes fails to allege sufficient facts that, even construed liberally due to his pro se status, render his claims plausible on their face. His allegations fail to raise his claims above the

4

speculative level. Therefore, Mr. Holmes' complaint must be dismissed for failure to state a claim upon which relief can be granted.

      A.      **<u>Mr. Holmes' Claim for Hostile Work Environment Must Be Dismissed for Failure to State a Claim Upon Which Relief Can Be Granted.</u>**

"To establish a prima facie case of a racially hostile work environment, [Holmes] must demonstrate that (1) [he] was a member of a protected class; (2) [he] was subjected to unwelcome racial harassment; (3) the harassment was based on [his] race; (4) the harassment unreasonably interfered with [his] work performance by creating an intimidating, hostile, or offensive work environment; and (5) that [Mercy] is liable." *Barrett v. Whirlpool Corp.*, 556 F.3d 502, 515 (6th Cir. 2009).

At a minimum, for purposes of this motion for judgment on the pleadings, Mr. Holmes fails to allege sufficient facts to plausibly demonstrate the fourth element of his hostile work environment claim. His single allegation—that his co-worker, Ms. Carder, was hostile toward him based on his race because on or about December 8, 2019, she told him that "she does not talk to black people" (ECF No. 3 at PageID #41, 49)—is insufficient to support a claim of hostile work environment.

"A hostile work environment occurs '[w]hen the workplace is permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment.'" *Long v. Ford Motor Co.*, 193 F. App'x 497, 501 (6th Cir. 2006), *quoting Harris v. Forklift Systems, Inc.*, 510 U.S. 17, 21 (1993). "Both an objective and subjective test must be met; in other words, the conduct must be so severe or pervasive as to constitute a hostile or abusive working environment both to a reasonable person and the actual victim." *Id.* There is "a relatively high bar for what amounts to actionable discriminatory conduct under a hostile work environment theory." *Phillips*

5

*v. UAW Intl.*, 854 F.3d 323, 328 (6th Cir. 2017). Therefore, "even offensive and bigoted conduct [is] insufficient to constitute a hostile work environment if it is neither pervasive nor severe enough to satisfy the claim's requirements." *Id.*

To the extent Ms. Carder's statement that "she does not talk to black people" constitutes a racially motivated insult or epithet, as improper as it might be, it does not rise to the level of conduct so severe or pervasive to constitute a hostile work environment. *See, e.g.*, *Harris*, 510 U.S. at 21, *quoting Meritor Sav. Bank, FSB v. Vinson*, 477 U.S. 57, 67 (1986) (" '[M]ere utterance of an … epithet which engenders offensive feelings in a employee,' … does not sufficiently affect the conditions of employment to implicate Title VII."); *Hall v. AK Steel Corp.*, No. CV 15-31-HRW, 2017 WL 4415655, at *6 (E.D. Ky. Sept. 29, 2017) ("[A] single occurrence of a racial epithet cannot support a hostile work environment claim."); *Moody v. Chevron Phillips Chem. Co. LP*, No. CV H-17-1490, 2017 WL 2832737, at *4 (S.D. Tex. June 30, 2017) ("While the use of such derogatory terms is by no means excused by its infrequence of use, a single occurrence of such a term does not suffice to constitute a hostile work environment."); *Shuler v. Corning, Inc.*, No. 4:08-cv-00019, 2008 WL 3929139, at *3 (W.D. Va. Aug. 21, 2008) ("Even if this court gives Plaintiff the benefit of the doubt by considering … additional facts as part of his EEOC Charge of Discrimination, Plaintiff's additional claims fail to meet the appropriate standard to establish a hostile work environment under Title VII. These additional allegations are still part of a single occurrence and fall short of the severe and pervasive standard to qualify as a hostile work environment.").

In short, "occasional offensive utterances do not rise to the level required to create a hostile work environment because, '[t]o hold otherwise would risk changing Title VII into a code of workplace civility.'" *Phillips*, 854 F.3d at 327, *quoting Grace v. USCAR*, 521 F.3d 655, 679

(6th Cir. 2008). Hence, even if Mr. Holmes were subjectively—and understandably—offended by Ms. Carder's alleged statement, he fails to allege an objectively hostile work environment based on his race. Mr. Holmes' hostile work environment claim therefore must be dismissed for failure to state a claim upon which relief can be granted.

> B. **Mr. Holmes' Claim for Retaliation Must Be Dismissed for Failure to State a Claim Upon Which Relief Can Be Granted.**

"To establish a prima facie case of retaliation, [Holmes] must demonstrate that (1) [he] engaged in activity protected by Title VII; (2) [Mercy] knew of [his] exercise of [his] protected rights; (3) [Mercy] subsequently took an adverse employment action against [Holmes] or subjected [him] to severe or pervasive retaliatory harassment; and (4) there was a causal connection between [Holmes']protected activity and the adverse employment action." *Barrett v. Whirlpool Corp.*, 556 F.3d 502, 516 (6th Cir. 2009).

At a minimum, for purposes of this motion for judgment on the pleadings, Mr. Holmes fails to allege sufficient facts to plausibly demonstrate the first element that he engaged in protected activity under Title VII, and the third element that Mercy took an adverse employment action against him or subjected him to severe or pervasive retaliatory harassment

> 1. **Holmes cannot demonstrate protected activity under Title VII because no cause of action exists for retaliation based on race.**

Mr. Holmes' suggests in his "additional exhibits" to his complaint that he was terminated from employment as retaliation because of his race. (*See* ECF No. 5 at PageID #59.) Race, however, is not a basis for retaliation because it is a category of protected status subject to Title VII's anti-discrimination provisions and not a category of prohibited conduct subject to Title VII's anti-retaliation provisions. See *CBOCS W., Inc. v. Humphries*, 553 U.S. 442, 460 (2008) (Thomas, J., dissenting) ("Retaliation is not discrimination based on race. When an individual is

7

subjected to reprisal because he has complained about racial discrimination, the injury he suffers is not on account of his race; rather, it is the result of his conduct."). To the extent Mr. Holmes intended to allege that his termination from employment was retaliation because of his race, Mr. Holmes fails to state a claim of retaliation upon which relief can be granted.

        2.      **Mr. Holmes fails to allege that Mercy took an adverse employment action against him.**

Merely being shunned by co-workers is not an adverse employment action that can form an actionable basis for a retaliation claim, as " '[a]n employee's decision to report discriminatory behavior cannot immunize that employee from those petty slights or minor annoyances that often take place at work and that all employees experience.'" *Wierengo v. Akal Sec., Inc.*, 580 F. App'x 364, 373 (6th Cir. 2014), quoting *Burlington N. & Santa Fe Ry. Co. v. White,* 548 U.S. 53, 68 (2006), and citing *Creggett v. Jefferson Cnty. Bd. of Educ.*, 491 F. App'x 561, 569 (6th Cir. 2012). Holmes has failed to aver an adverse employment action.

        3.      **Holmes fails to allege that Mercy subjected him to severe or pervasive retaliatory harassment.**

Activity protected from retaliation under Title VII includes opposing discriminatory practices deemed unlawful under Title VII, and participating in any manner in a Title VII investigation, proceeding, or hearing related to such unlawful discriminatory practices. *See* 42 U.S.C. §2000e-3(a); *Booker v. Brown & Williamson Tobacco Co.*, 879 F.2d 1304, 1312 (6th Cir. 1989). Mr. Holmes alleges that Mercy is liable for retaliation because his co-workers refused to speak with him after he complained to human resources about Ms. Carder's statement that "she does not speak to black people." (ECF No. 3 at PageID #41, 44.) His claim is properly viewed under the opposition clause of the Title VII's anti-retaliation provision. Mr. Holmes fails to state a claim of retaliation against Mercy for opposition activity under Title VII based on these facts.

8

No allegations exist that demonstrate Mercy took any retaliatory action toward Mr. Holmes because of his oppositional activity. Mr. Holmes has not alleged that co-workers refused to speak with him upon direction or influence from Mercy; or that Mr. Holmes ever complained to Mercy about his co-workers' refusal to speak with him and Mercy failed to take any corrective action upon receiving such notice. Where no allegations exist that demonstrate Mercy had any participation in or responsibility for Mr. Holmes' co-workers refusing to speak with him, no basis exists to conclude that their conduct constitutes retaliation by Mercy.

Mr. Holmes' allegations also indicate that his complaint to human resources was not the reason why his co-workers allegedly refused to speak with him. Indeed, Mr. Holmes alleges that one of his co-workers, "Jane," stopped speaking with him because she was afraid that Ms. Carder might lose her job, not out of spite for Mr. Holmes' complaint to human resources. (ECF No. 3 at PageID #50.) "[A] plaintiff making a retaliation claim under [Title VII] must establish that his or her protected activity was a but-for cause of the alleged adverse action by the employer." *Univ. of Texas Sw. Med. Ctr. v. Nassar*, 570 U.S. 338, 362 (2013). To the extent Mr. Holmes' co-workers' refusal to speak with him could constitute retaliation for which Mercy could be liable (which Mercy disputes), Mr. Holmes fails to state a claim of retaliation upon which relief can be granted because his allegations demonstrate that his complaint to human resources was not a but-for cause of that conduct.

For all of these reasons, Mr. Holmes fails to state a claim of retaliation under Title VII upon which relief can be granted and his retaliation claim must be dismissed.

## IV. CONCLUSION

Mr. Holmes fails to allege sufficient facts that, even construed liberally due to his pro se status, render his claims plausible on their face. His allegations fail to raise his claims above the speculative level. For all of the foregoing reasons, Mercy requests that Mr. Holmes' complaint be dismissed in its entirety for failure to state a claim upon which relief can be granted.

Respectfully submitted,

*/s/ Thomas J. Wiencek*
Thomas J. Wiencek (#0031465)
BON SECOURS MERCY HEALTH
388 South Main Street
Suite 500
Akron, Ohio 44311-4407
Phone: (513) 639-0196
Fax: (330) 253-8601
tjwiencek@mercy.com

David Sporar (#0086640)
Brouse McDowell, LPA
600 Superior Avenue East
Suite 1600
Cleveland, Ohio 44114
Phone: (216) 830-6830
Fax: (216) 830-6807
dsporar@brouse.com
            *Counsel for Defendants*

1089024.3